**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| DONALD POWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-CV-00146-NCC |
| ) | |
| RUTH ANN DICKERSON et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Donald Powell, a self-represented inmate at the Eastern Reception, Diagnostic and Correctional Center, brings this action under 28 U.S.C. § 1983 against two Cape Girardeau County officials for alleged violations of his civil rights. (Docs. 1, 7). He requests appointed counsel and leave to proceed *in forma pauperis*. (Docs. 2, 3). For the reasons set forth below, the Court grants Powell's motion to proceed *in forma pauperis* and dismisses this action under 28 U.S.C. § 1915(e)(2)(B). The Court denies the motion for appointment of counsel as moot.

**I.     Filing Fee**

Congress mandates that federal courts collect a filing fee from a party instituting any civil action, suit, or proceeding. 28 U.S.C. § 1914. Courts may waive this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed *in forma pauperis*.

To obtain *in forma pauperis* status, a prisoner litigant must file an affidavit demonstrating an inability to pay. 28 U.S.C. § 1915(a)(1). In addition to the standard *in forma pauperis* affidavit, a prisoner must provide a certified copy of his inmate account statement for the "6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

If the prisoner litigant lacks sufficient funds, the Court assesses an initial partial filing fee equal to 20% of the higher of the average monthly deposits or the average monthly balance in the prisoner litigant's account. 28 U.S.C. § 1915(b)(1). After that, the prisoner litigant must make monthly payments equal to 20% of the preceding month's income until the prisoner litigant pays the fee in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." *Id*.

Powell did not submit an inmate account statement as required by § 1915(a)(2). Nevertheless, having reviewed the information contained in his motion, the Court finds that he is unable to pay the costs associated with this action and assesses an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Powell is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement to support that assertion.

**II.     Background**

Powell is an inmate at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. (Doc. 7). The allegations in his complaint relate to his previous confinement in the Cape Girardeau Sheriff's Office ("jail"). (Doc. 1). The Court recites Powell's factual allegations below but makes no findings of fact at this stage.

On August 13, 2025, Powell slipped and fell in a shower at the jail, injuring his back and neck. (Doc. 1 at 3). Officers transported him to the Saint Francis Medical Center for imaging. *Id*. He left the hospital the following day after learning he had no broken bones. *Id*. at 3–4. A doctor

at the hospital encouraged Powell to request medical attention at the jail if his symptoms continued. *Id*.

Powell reports that he still experiences daily pain despite being on pain medication. *Id*. at 4. He uses a wheelchair to ambulate and often sleeps in the wheelchair because of the pain. *Id*. Powell alleges that he visited the nurse at the jail several times but received no additional treatment or pain medication. *Id*. He states that the jail does not provide appropriate accommodations for his condition. *Id*. He seeks $1 million in damages. *Id*. at 5.

### III.     Legal Standard

Because Powell is proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id*. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).

When reviewing a complaint filed by a self-represented person under § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*,

404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not assume unalleged facts. *Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

**IV.    Discussion**

Powell sues Sheriff Ruth Ann Dickerson and Jail Administrator Richard Russian in their official capacities only. (Doc. 1 at 3). He invokes the Eighth Amendment's Cruel and Unusual Punishment Clause and the Fourteenth Amendment's Due Process Clause. *Id*. at 4.

Courts treat official-capacity claims against government employees as claims against the governmental entity itself. *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Here, Powell alleges that both Dickerson and Russian work for the Cape Girardeau Sheriff's Office. To maintain a claim against the County, Powell would need to plausibly allege that the challenged conduct resulted from a County policy, a widespread custom, or a deliberately indifferent failure to train. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Although Powell alleges that the jail failed to accommodate his injuries, that alone does not warrant an inference that the County maintains a policy, custom, or practice of violating inmates' constitutional rights. *See Iqbal*, 556 U.S. at 678–79. Therefore, the Court dismisses Powell's official-capacity claims against Dickerson and Russian.

Because Powell explicitly named Dickerson and Russian in their official capacities only, the Court will not construe individual-capacity claims on Powell's behalf. *See Reynolds v. Cook*,

No. 24-1618, 2025 WL 670428, at *1 (8th Cir. Mar. 3, 2025) (distinguishing cases where the complaint is silent and holding that an express official-capacity designation controls); *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff). But even if Powell had asserted individual-capacity claims, he fails to show how Dickerson and Russian were personally involved in his alleged mistreatment. Liability under § 1983 requires personal involvement in the alleged misconduct. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Conclusory allegations about a defendant's supervisory role do not establish the requisite personal responsibility. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.") (citation and internal quotation marks omitted). Accordingly, even if Powell had named Dickerson and Russian in their individual capacities, the Court would dismiss his claims under § 1915(e)(2)(B) for failure to state a claim on which relief may be granted.

**V.     Conclusion**

For the foregoing reasons, the Court grants Powell's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $1.00. Nevertheless, the Court dismisses this action under § 1915(e)(2)(B) and denies Powell's motion for appointment of counsel as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Powell's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Powell shall pay an initial partial filing fee of $1.00 **within 30 days** of the date of this Order. Powell shall make his remittance payable to "Clerk,

5

United States District Court," and shall include (1) his name; (2) his prison registration number; (3) the case number; and (4) a statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Powell's motion for appointment of counsel (Doc. 3) is **DENIED** as moot.

A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 13th day of January, 2026.

                                                                     */s/ John A. Ross*
                                                                     JOHN A. ROSS
                                                                     UNITED STATES DISTRICT JUDGE